En el Tribunal Supremo de Puerto Rico

| Luz M. Rivera Rodríguez, et al<br>        Recurrentes<br><br>                 V.<br><br>Tiendas Pitusa, Inc.<br>        Recurridos | Certiorari<br><br>99 TSPR 103 |
|---|---|

Número del Caso: CC-1999-0021

Abogado de la Parte Recurrente:     Lcdo. Miguel a. Chaar Cacho

Abogados de la Parte Recurrida:     Lcdo. Ismael E. Marrero
                                    Lcda. Maggie Marrero

Tribunal de Primera Instancia, Sala Superior de Arecibo

Juez del Tribunal de Primera Instancia: Hon. Edna Abruña Rodríguez

Tribunal de Circuito de Apelaciones: Circuito Regional III Arecibo

Juez Ponente: Hon. Soler Aquino

Fecha: 6/28/1999

Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luz M. Rivera Rodríguez,
et al

    Demandantes-apelados

                              CC-99-21     Certiorari

      v.

Tiendas Pitusa, Inc.

    Demandada-apelante

PER CURIAM

San Juan, Puerto Rico, a 28 de junio de 1999

I

El caso de autos tiene su origen en una demanda de daños y perjuicios presentada por la Sra. Luz M. Rivera Rodríguez y su esposo Francisco Torres Rodríguez, contra Tiendas Pitusa, Inc., por una alegada detención ilegal por un guardia de seguridad de dicho almacén.

La demandada Pitusa solicitó prórroga de treinta (30) días para investigar los hechos y contestar adecuadamente la demanda. Posteriormente, negó todos los hechos y adujo como defensa afirmativa carecer de conocimiento alguno previo de los hechos relatados en la demanda. Finalmente,

formuló contestación enmendada en que admitió que la Sra. Rivera Rodríguez visitó la tienda, había sido intervenida por un guardia de seguridad. No obstante, adujo que los hechos de la demanda eran exagerados e inflados con el único fin de crear una reclamación infundada.

Previa vista en sus méritos, el Tribunal de Primera Instancia, Sala Superior de Arecibo (Hon. Edna Abruña Rodríguez) declaró con lugar la demanda y condenó a Pitusa a pagar a la Sra. Rivera Rodríguez $7,000.00 por sus sufrimientos y angustias morales. Además, reconoció $2,000.00 a favor del co-demandante, Sr. Torres Rodríguez, por igual concepto. Impuso $500.00 de honorarios de abogado.

En su Sentencia, Instancia determinó probado que el 30 de diciembre de 1995, a las diez de la mañana la Sra. Rivera Rodríguez se personó con sus hijas a los Almacenes Pitusa para hacer unas compras. Seleccionó un mantel de mesa junto a otros artículos, pasó por la cajera de enseres eléctricos y pagó la mercancía, que fue colocada en una bolsa plástica adhiriéndole el recibo de pago. Al salir de la tienda se percató de que el mantel que había comprado no era de las medidas que interesaba, por lo que regresó donde la misma cajera a quien había pagado, inquiriéndole si podía cambiarlo. La cajera le indicó que buscara el mantel deseado para hacerle el cambio, y que cuando regresara no hiciera fila, sino que fuera directamente donde ella.

La Sra. Rivera Rodríguez buscó el mantel interesado, pasó ante la cajera y ésta realizó el cambio e indicó que todo estaba bien. Ese día había mucho público en la tienda

porque era víspera de despedida de año. Mientras caminaba hacia su vehículo junto a sus hijas, sintió la presencia de una persona que le perseguía, lo que hizo que se sintiera nerviosa y asustada pensando que la iban a asaltar. Aligeró su paso y la persona que la seguía la tocó por el hombro indicándole que se detuviera. Al ella detenerse le preguntó qué pasaba, a lo que él respondió que ella no había pagado los paquetes. La Sra. Rivera Rodríguez le indicó que tenía prueba de que había pagado la mercancía. La persona entonces se identificó como guardia de seguridad de Pitusa y que de todos modos tenía que acompañarla a la tienda. Allí la esperaban tres personas, entre ellas el gerente, quien le preguntó qué llevaba en los paquetes y a quien le había pagado. La Sra. Rivera Rodríguez, nerviosa y confundida, le indicó que no se había llevado nada. Procedió a enseñarle el recibo de compra y a señalar la cajera que le había cobrado. El gerente preguntó a la cajera si había cobrado la mercancía. Todo este incidente ocurrió frente al público que visitaba la tienda. La Sra. Rivera Rodríguez después del incidente, fue consolada por sus dos hijas que la acompañaban. Posteriormente, se dirigió al cuartel de la Policía y radicó una querella para la cual fue citada en dos ocasiones, la última en Fiscalía, donde no se formuló denuncia alguna.

El tribunal de instancia concluyó que la Sra. Rivera Rodríguez "se ha sentido nerviosa, tuvo un período durante el cual no podía dormir y se pasaba siempre llorando y pensativa y en la actualidad no visita las tiendas como

antes, ante el temor de que le pueda pasar algo igual." Por su parte, su esposo, el Sr. Torres Rodríguez, declaró que "se vio afectado al ver que su esposa llegó llorando el día de los hechos a su casa y que él ha sufrido al verla. Que no está en la misma situación que antes, ya que siempre la ve llorando y nerviosa y la ve a ella sufriendo."

Oportunamente, Pitusa presentó mociones de reconsideración y de determinaciones de hechos adicionales. El tribunal de instancia nada proveyó sobre la reconsideración. No obstante, por resolución notificada el 1 de julio de 1998, acogió algunas de las determinaciones de hechos solicitadas.

Inconforme, oportunamente Pitusa apeló al Tribunal de Circuito de Apelaciones. Adujo que incidió el tribunal de instancia al imponerle responsabilidad en ausencia de prueba que sostuviera que actuó negligentemente o que sus actos constituyeron detención ilegal o difamación; al conceder daños no establecidos por la prueba; e imponer honorarios de abogado en ausencia de temeridad.

Con el beneficio de la oposición de los demandantes y una Exposición Narrativa de la Prueba estipulada, el 30 de noviembre de 1998, el Circuito de Apelaciones (Hons. Rivera de Martínez, Rivera Pérez y Soler Aquino) confirmó la responsabilidad, pero modificó las indemnizaciones al estimarlas excesivas a la luz de los daños probados. Redujo a $1,000.00 la partida de $7,000.00 de la co-demandante, Sra. Rivera Rodríguez y eliminó los daños adjudicados a su esposo, Sr. Torres Rodríguez. Asimismo, eliminó los honorarios de abogado al resolver que el foro de instancia

no hizo determinación expresa de temeridad y que la conducta de Pitusa no fue temeraria.

A solicitud de los demandantes, esposos Torres-Rivera, mediante orden para mostrar causa, revisamos.[1]

## II

En esencia, a través de los dos primeros señalamientos de error, se aduce que incidió el Circuito de Apelaciones al modificar y revocar las cuantías por concepto de daños determinados por el tribunal de instancia. Nos argumentan que la cuantía otorgada en Instancia como medida monetaria de los daños no fue excesiva ni irrazonable y Pitusa no demostró ante el foro apelativo la existencia de circunstancias que hicieran meritoria su modificación. Coincidimos.

La responsabilidad civil en daños y perjuicios es resarcir al damnificado, otorgándole un valor económico al daño sufrido.  Consiste en atribuir al perjudicado dinero suficiente para compensar su interés perjudicado. Es una

---

[1] Como señalamientos exponen:

**Primero:** "Erró el Honorable Tribunal de Circuito de Apelaciones al modificar las sumas concedidas a la parte demandante sustituyendo su criterio por el del Tribunal de Instancia ante un análisis de unos hechos que no recogen fielmente la prueba establecida."

**Segundo:** "Erró el Honorable Tribunal de Circuito de Apelaciones al modificar y revocar las sumas concedidas sin que se haya demostrado que las mismas son excesivas."

**Tercero:** "Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que la demandada no había incurrido en temeridad basándose en que el Tribunal de Primera Instancia 'no hizo ninguna determinación de temeridad contra la parte demandada'."

especie de subrogación real en que el dinero ocupa el lugar de los daños y perjuicios sufridos, y una atribución pecuniaria que crea una situación patrimonial equivalente a la destruida por el daño causado. García Pagán v. Shiley Caribbean, etc., 122 D.P.R. 193, 205, 206 (1988); Rodríguez Cancel v. A.E.E., 116 D.P.R. 442, 455-456 (1985); y Moa v. E.L.A., 100 D.P.R. 573 (1972).

El derecho a ser compensado no puede derrotarse meramente por el carácter especulativo que en alguna medida supone el cómputo de daños. Odriozola v. Cosmetic Dist. Corp., 116 D.P.R. 485 (1985). Claro está, al medirlos, el juzgador debe hacerlo a base de la prueba, procurando siempre que la indemnización no se convierta en una industria —Atile v. McClurg, 87 D.P.R. 865 (1963)— y se mantenga su sentido remediador, no punitivo. Vela de Valentín v. E.L.A., 84 D.P.R. 112 (1961).

Finalmente, de ordinario, los tribunales apelativos no debemos intervenir con la estimación de daños de instancia, salvo que las cuantías concedidas sean ridículamente bajas o exageradamente altas. Quiñones v. Manzano, res. en 25 de junio de 1996; Cotto v. Ríos, res. en 17 de abril de 1996; Rosado v. Supermercado Mr. Special, res. en 24 de enero de 1996; y Valldejulli Rodríguez v. A.A.A., 99 D.P.R. 917 (1971). Quien solicita la modificación debe demostrar las circunstancias que lo justifiquen. Canales Velázquez v. Rosario Quiles, 107 D.P.R. 757 (1978).

### III

En el caso de autos, la prueba que le mereció crédito a instancia estableció que la Sra. Rivera Rodríguez, tras salir de realizar sus compras en el establecimiento de la parte demandada y acompañada de sus dos hijas, notó que un extraño la siguió. Naturalmente se sintió nerviosa y asustada. Esta persona la detuvo, imputándole la comisión del delito de apropiación ilegal. A pesar de que ella le indicó que tenía prueba de que había pagado la mercancía, se le requirió que regresara a la tienda. Allí, el gerente junto a otras dos personas la interrogaron. A preguntas de qué llevaba en los paquetes y quién le cobró la mercancía, señaló que no se había llevado nada, mostrando el recibo de compra. No conforme, el gerente le pidió le señalara a la cajera que le cobró por la mercancía, dudando así de la versión ofrecida por la Sra. Rivera Rodríguez. Todo esto ocurre en un día de despedida de año, en que había mucho público el cual presenció el incidente. Al igual que el foro de instancia, apreciamos el sentimiento de nerviosismo y bochorno.

Es enteramente creíble con motivo de este traumático incidente "se ha[ya] sentido nerviosa, tuvo un período durante el cual no podía dormir y se pasaba llorando y pensativa y en la actualidad no visita las tiendas como antes, ya que piensa que le puede pasar algo igual." También es creíble que su esposo haya sufrido al verla que llegó llorando y decaída el día de los hechos y su sufrimiento.

Indicó que desde el incidente no está en la situación de antes ya que su esposa se pasa llorando y nerviosa.[2]

Procede pues reinstalar las cuantías de $7,000.00 y $2,500.00, las cuales no son desproporcionadas si las confrontamos con casos similares anteriores, tomando en consideración el aumento en el costo de vida experimentado hasta el presente. Véase Casanova v. González Padín Co., Inc., 47 D.P.R. 488 (1934); Santiago v. Sears Roebuck, 102 D.P.R. 515 (1974).

IV

Tampoco procedía eliminar los honorarios de abogado basado en que el tribunal de instancia no hizo ninguna determinación de temeridad contra dicha parte.

**Primero**, hemos resuelto que "la condena en honorarios de abogado es imperativa cuando el tribunal sentenciador concluye que un parte ha sido temeraria. **En ausencia de una conclusión expresa a tales efectos, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada...**" Montañez Cruz v. Metropolitana Cons. Corp., 887 D.P.R. 38 (1962). Por lo tanto, al imponerle los honorarios de abogado, el tribunal de instancia implícitamente realizó una determinación de temeridad.

---

[2] Cabe señalar, que de la exposición narrativa de la prueba estipulada por las partes se desprende que la Sra. Rivera Rodríguez padece de los nervios y de alta presión, condición para la cual toma medicamentos.

**Segundo,** sabido es que la acción que amerita honorarios de abogado es cualquiera que haga necesario un pleito que pudo evitarse, que lo prolongue innecesariamente, o que produzca la necesidad de que otra parte incurra en gestiones evitables. Fernández v. San Juan Co., Inc., 118 D.P.R. 713 (1987). Su propósito es establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito.

Los autos revelan que Pitusa incurrió en temeridad en su defensa de este pleito al demorar su tramitación y negarse a admitir responsabilidad por el incidente. Ramírez v. Club Cala de Palmas, 123 D.P.R. 339, 349-350 (1989).

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Luz M. Rivera Rodríguez,
et al

    Demandantes-apelados

                            CC-99-21      Certiorari

      v.


Tiendas Pitusa, Inc.


    Demandada-apelante


SENTENCIA


San Juan, Puerto Rico, a 28 de junio de 1999


    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se expide el auto, revoca la Sentencia del Tribunal de Circuito de Apelaciones y reinstala la del Tribunal de Primera Instancia.

    Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Isabel Llompart Zeno
                 Secretaria del Tribunal Supremo