Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ELDA GONZÁLEZ SANTIAGO<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO SANTA RITA; JUNTA DE DIRECTORES DEL CONDOMINIO SANTA RITA; SHEILA CANDELARIO BARRETO, Presidenta; MARICARMEN VARGAS VARGAS, Secretaria; MICHAEL ZARCONE CANDELARIO, Tesorero<br><br>Recurrida | KLRA202400528 | Revisión procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.:<br>C-SAN-2024-0018483<br><br>Sobre:<br>Ley de Condominios<br>(Ley Núm. 104<br>de 25 de junio de 1958,<br>según enmendada) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece, por derecho propio, la Sra. Elda González Santiago (Sra. González Santiago o recurrente) y solicita que revisemos la *Resolución* emitida el 29 de julio de 2024, notificada el 31 de julio de 2024, por el Departamento de Asuntos del Consumidor (DACo). En el referido dictamen, el foro apelado desestimó la querella del epígrafe por no presentar una certificación que acredite no tener deudas con el Consejo de Titulares. Adelantamos que, por los argumentos esbozados a continuación, confirmamos al foro apelado.

Según surge del expediente, el 9 de abril de 2024, la Sra. González Santiago presentó la querella núm. C-SAN-2024-0018483 en

Número Identificador

SEN2024 _____

contra del Consejo de Titulares y Junta de Directores del Condominio Santa Rita, su presidenta Sheila Candelario Barreto, su secretaria Maricarmen Vargas Vargas, así como su tesorero Michael Zarcone Candelario (en conjunto, Consejo de Titulares o parte recurrida). En síntesis, esta tenía como fin el impugnar la Asamblea Ordinaria celebrada el 9 de abril de 2024 y que se ordenara una nueva bajo la supervisión de DACo. Por su parte, la recurrida, mediante *Moción de Desestimación por Incumplimiento con el Reglamento de Condominios del DACo, Núm. 9386 y Temeridad y Engaño,* alegó que la querella debe ser desestimada por incumplimiento con la Regla 25 del Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022. Añadió que no es la primera ocasión que la recurrente incumple con la mencionada regla, ya que, el 24 de marzo de 2023, DACo desestimó la querella núm. C-SAN-2023-0015179 que buscaba impugnar la celebración de una asamblea extraordinaria, en la cual se aprobó componentes del presupuesto tal como las cuotas de mantenimiento, derramas, multas vencidas y/o primas de seguro. El DACo desestimó dicha querella por esta no presentar una certificación de no-deuda. Además, la recurrida alegó que luego de varios asuntos procesales, el mismo foro rechazó la reconsideración y que actualmente ese dictamen es final y firme.

En cuanto a la querella del epígrafe, el 6 de mayo de 2024 la Sra. González Santiago la enmendó. Luego, el 16 de mayo de 2024, presentó una *Urgentísima Moción en Solicitud de Orden de Cese y Desista* para que se paralice la suspensión de los servicios esenciales, ya que adeudaba tres mil ciento veintinueve con noventa y cinco centavos ($3,129.95), de los cuales mil doscientos veinticinco ($1,225.00)

correspondían a una derrama. Sin embargo, esta fue denegada por DACo. Aun así, surge del expediente que la parte recurrida nunca le interrumpió los servicios esenciales a la recurrente.

Posteriormente, el 23 de mayo de 2024, DACo emitió una *Notificación y Orden* en la que le exige a la recurrente que presente una certificación que acredite no tener deudas con el Consejo de Titulares para que se pueda atender su solicitud. Al no cumplir la Sra. González Santiago con dicho requerimiento, DACo desestimó la querella núm. C-SAN-2024-0018483. El DACo razonó que la recurrente no estaba eximida de cumplir con dicho criterio, por lo cual decretó el cierre y archivo de la querella. En desacuerdo con la decisión de la agencia, la recurrente presentó una *Solicitud de Reconsideración*, pero el foro primario resolvió sin lugar.

Una vez denegada la reconsideración, la Sra. González Santiago comparece ante este Tribunal de Apelaciones y alega que se cometieron los siguientes errores: (1) DACo no tomó en consideración el incumplimiento de la parte querellada con el Artículo 37 de *la Ley de Condominios* al no formar parte del Registro de Titulares; (2) DACo desestimó la querella de la Sra. González Santiago basándose en una Sentencia dictada por el Tribunal de Apelaciones sin esta haber sido final y firme. Por su parte, el Consejo de Titulares alega que este tribunal está impedido de resolver el tema sobre el Registro de Titulares y la Asamblea Ordinaria, ya que no formó parte de la querella del epígrafe. Además, la recurrida solicita a este tribunal que se imponga a la recurrente la imposición de honorarios de abogado por temeridad. En posesión de ambos alegatos, estamos en posición de resolver. Veamos.

Sabido es que la revisión judicial nos permite asegurar que los organismos administrativos actúen de acuerdo con las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Las determinaciones administrativas gozan de una presunción de legalidad y corrección, la cual subsistirá mientras no se produzca suficiente prueba como para derrotarla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012). Por ello, al impugnar una decisión administrativa es la parte que recurre quien tiene el peso de la prueba para derrotar esa presunción y no puede descansar en meras alegaciones. *Rebollo v. Yiyi Motors*, 161 DPR 69 (2004).

La Ley Núm. 129 de 16 de agosto de 2020 (31 LPRA sec. 1921 *et seq.*), mejor conocida como la *Ley de Condominios de Puerto Rico,* regula los mecanismos para la tramitación de controversias que surjan dentro de la convivencia de una comunidad sometida al Régimen de Propiedad Horizontal. Acorde con la referida ley, DACo tiene jurisdicción primaria y exclusiva de toda impugnación por acciones u omisiones que se inste contra la Junta de Directores, siempre y cuando el querellante sea titular y dueño de un apartamento residencial en el condominio. Id., sec. 1923j.

En lo concerniente a la controversia que nos ocupa, el Artículo 65 de la *Ley de Condominios de Puerto Rico* impone ciertos requisitos para impugnar acciones u omisiones de la Junta de Directores en el foro administrativo. Id. Al respecto, dicho artículo dispone:

> El titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares tendrá que demostrar **que no tiene ningún tipo de deuda con el Consejo de Titulares** y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores. Será excepción al

requisito de no deuda, cuando la impugnación sea para cuestionar la deuda que alegadamente tiene. (31 LPRA sec.1923j) (Énfasis suplido).

De igual forma, el Artículo 25(6) del Reglamento Núm. 9386, *supra,* dispone que, entre los requisitos para presentar querellas, está el acompañar una certificación de no deuda con el Consejo de Titulares. Sin embargo, tiene como excepción el que se esté impugnando la alegada deuda. *Id*.

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), autoriza al Tribunal a imponer honorarios de abogado cuando una parte procede con temeridad. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022); *SLG González-Figueroa v. SLG et al.*, 209 DPR 138 (2022). La imposición del pago de honorarios de abogados es un mecanismo para penalizar la conducta que propicia un pleito que se pudo haber evitado. *Nieves Huertas et al. v. ELA I*, 189 DPR 611 (2013) (Sentencia); *Domínguez v. GA Life*, 157 DPR 690 (2002). Asimismo, la imposición de honorarios por temeridad busca penalizar a la parte "que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito". *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999).

En el caso de epígrafe, la Sra. González Santiago no incluyó una certificación negativa de deuda en su querella ante DACo. De una lectura atenta de la querella surge diáfanamente que la recurrente no impugna el monto de la deuda, sino que cuestiona la validez de una Asamblea Ordinaria y lo discutido en ella. Esto, a pesar de DACo haberle advertido mediante *Notificación y Orden* sobre la posibilidad

de desestimar la querella si no cumplía con el pago del monto adeudado de $3,129.95. De modo que, resulta evidente que la Sra. González Santiago no cumplió con el requisito para la presentación de querellas de la Ley Núm. 129-2020 y Reglamento Núm. 9386. Por esta razón, resulta improcedente atender lo relacionado al Registro de Titulares y la Asamblea Ordinaria, ya que la querella nunca fue atendida en sus méritos.

Por otra parte, el que DACo haya hecho referencia en la *Notificación y Orden* a la querella núm. C-SAN-2023-0015179 sin esta haber sido final y firme, no implica que el dictamen sea inválido. En esencia, dicha notificación estuvo sustentada en que al momento de su solicitud la recurrente ostentaba una deuda, por lo que imposibilitaba a DACo atender su querella. Además, a pesar de que la recurrente hace alusión a dicha querella, esta omitió en presentar toda la evidencia pertinente en el expediente. Por tanto, no nos pone en posición de aquilatar los méritos de su señalamiento.

Por último, no albergamos duda acerca de la temeridad desplegada por la Sra. González Santiago en la tramitación de este pleito. Aun habiendo dos querellas —C-SAN-2023-0015179 y la del epígrafe—que han sido desestimadas por no presentar una certificación de no-deuda, la recurrente se negó a cumplir con dicho requerimiento. La obstinación de la Sra. González Santiago en incumplir por segunda ocasión con la tramitación de querellas en DACo ocasionó grandes gastos al Consejo de Titulares. En este sentido, concluimos que la recurrida ha sido temeraria, por lo que corresponde imponer cuatrocientos dólares ($400) de honorarios de abogado, según solicitado en la *Moción Informando Incumplimiento con Orden del*

*Daco y Tercera Moción de Desestimación por Incumplimiento con el Reglamento de Condominio del DACO, Núm. 938*. Véase Apéndice en la página 391.

Por las consideraciones expuestas, se confirma la *Resolución* objeto del recurso de revisión.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones