Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ÓPTIMA SEGUROS<br><br>Apelado<br><br>V.<br><br>LUIS ALEMANY GONZÁLEZ<br><br>Apelante | KLAN202500248 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>GR2022CV00194<br><br>Sobre:<br>Subrogación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Comparece el Sr. Luis Alemany González (señor Alemany González o peticionario) mediante un escrito intitulado *Apelación Civil* en el que nos solicita que revoquemos una *Sentencia Final Enmendada* emitida el 12 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1]

En dicha determinación, el foro de instancia desestimó con perjuicio la causa de acción incoada por Óptima Seguros (Óptima o recurrida) en contra del peticionario, tras acoger una moción de desistimiento voluntario presentada por la primera, sin imponerle honorarios de abogado a ésta por concepto de temeridad.

Tras examinar su naturaleza legal, acogemos el recurso como un *Certiorari*, por tratarse realmente de una solicitud de un remedio post Sentencia.

Por los fundamentos que expondremos a continuación, denegamos expedir el recurso presentado.

---

[1] Apéndice del Recurso de *Apelación Civil*, Anejo 100, págs. 285-286. Archivada y notificada en autos el 19 de febrero de 2025.

Número Identificador
RES2025_____

**-I-**

El presente caso tuvo su génesis el 26 de julio de 2022, cuando Óptima presentó una *Demanda* contra el señor Alemany González.[2] En esta, adujo que el 1 de noviembre de 2019, el peticionario provocó un accidente automovilístico en la Carretera Núm. 181 en Gurabo, al impactar el vehículo del señor Aldo Piñero Correa (señor Piñero Correa), quien, a su vez, impactó uno tercero. Alegó que el accidente se debió a la negligencia del peticionario tras no guardar la distancia entre vehículos requerida por ley.

En adición, sostuvo que era la aseguradora del vehículo del señor Piñero Correa, a quien emitió un pago de $3,614.26. Además, indicó que sometió una reclamación a la Asociación del Seguro Compulsorio (ASC), la aseguradora del señor Alemany González. Arguyó que la ASC emitió un pago de **$358.59** por lo que quedó un balance adeudado de $**3,255.67**.

Siendo así, adujo que, por vía de subrogación, le reclamó extrajudicialmente al peticionario para recobrar el pago emitido al señor Piñero Correa. Tras resultar infructuosa, Óptima presentó una acción judicial contra del peticionario en la que reclamó el balance adeudado, más **$813.92** por concepto de gastos, costas y honorarios de abogado.

Tras varios trámites procesales, entre los cuales el señor Alemany González presentó infructuosamente una moción de desestimación por prescripción y contestó la demanda incoada, el 30 de octubre de 2024, el TPI celebró una Conferencia Inicial a la que comparecieron ambas partes representadas por sus respectivos abogados.

Según surge de la minuta de la referida vista, el peticionario manifestó que ASC cubría la reclamación y solo había pagado la

---

[2] *Íd.,* Anejo IV, págs. 10-11.

suma de **$300.00**. Por su parte, Óptima expresó que ASC no le brindaría información sobre la reclamación toda vez que ésta solo lo hace a las partes involucradas en el accidente, y Óptima no era una. Ante esto, el señor Alemany González indicó que presentaría un *subpoena* para solicitar la información de la reclamación.[3]

Así las cosas, el 30 de enero de 2025, se celebró una Conferencia con Antelación a Juicio y Vista Transaccional.[4] Allí, la recurrida indicó que, según la información brindada, llegó a una transacción con ASC, quien, conforme a la evidencia obtenida, le pagó la suma de **$358.59**. No obstante, manifestó que se encontraba a la espera de otros documentos e indicó que, si los pagos hechos fueron por concepto de la transacción, desistiría del pleito.

Sin embargo, el peticionario sostuvo que el pago fue de $1,458.75, cantidad que incluía los $358.59 antedichos. De igual manera, manifestó que, de haber algún reclamo, este debía ser contra ASC.

El 31 de enero de 2025, Óptima presentó una *Moci[ó]n de Desistimiento con Perjuicio.* [5] Expresó que su solicitud de desistimiento se daba luego de analizar y corroborar la información brindada por ASC con relación al pago emitido.

Ese mismo día, el TPI emitió una *Sentencia* en la que desestimó la demanda ante el petitorio de desistimiento voluntario de la recurrida. En adición, no impuso costas ni honorarios de abogado.[6]

El 5 de febrero de 2025, el señor Alemany González presentó una *Moci[ó]n en Solicitud de Honorarios y Costas.* [7] Arguyó que correspondía el pago de costas y la imposición de honorarios de abogado a Óptima porque ésta actuó con temeridad y frivolidad al obligarlo a incurrir en gastos para defenderse de un pleito que la

---

[3] *Íd.,* Anejo 15, págs. 73-74.
[4] *Íd.,* Anejo 15, pág. 75.
[5] *Íd.,* Anejo 8, pág. 48.
[6] *Íd.,* Anejo 9, págs. 49-50. Archivada y notificada en autos el 5 de febrero de 2025.
[7] *Íd.,* Anejo 10, págs. 51-54.

recurrida conocía que era improcedente conforme a la información que obraba en su expediente. Específicamente, adujo que Óptima debió corroborar la información por la cual desistió voluntariamente del pleito antes de presentar la demanda en su contra. Acompañó su escrito con un *Memorando de Horas y Costas* en el que desglosó el pago solicitado en las siguientes partidas:

1. Moción [de] desestimación, 3 horas x $150.00..........**$450.00**
2. R[é]plica a moción [en] oposición [a] desestimación, 1 horas [sic] x $150[.00].....................................................**$150.00**
3. Contestación a la demanda, 2 horas x $150.00........**$300.00**
4. Reconsideración, 1 horas [sic] x $150.00..................**$150.00**
5. Informe [para el] manejo del caso, 3 horas x $150.00**$450.00**
6. Preparación y vista de conferencia inicial, 2 horas x $150.00..................................................................**$300.00**
7. Informe de conferencia [con antelación a juicio], 3 horas x $150.00..................................................................**$450.00**
8. Preparación y [v]ista de conferencia con antelación a juicio, 2 horas x $150.00......................................................**$300.00**
9. Preparación de Sophoena [sic] y seguimiento, 1 hora x $150.00..................................................................**$150.00**
10. Moción en solicitud de costas y honorarios, 2 horas x $150.00 ..............................................................**$300.00**
11. Costas de contestación a demanda............................**$90.00**
12. Diligenciamiento de Sophoena [sic] a ASC ..................**$50.00**
    **TOTAL...........................................................$3,140.00**

El 10 de febrero de 2025, al haber sido notificado de la sentencia emitida el 31 de enero de 2025, el peticionario presentó una *Moci[ó]n en Solicitud de Reconsideraci[ó]n* que acompañó con un *Memorando de Horas y Costas* enmendado.[8] Lo anterior para añadir las siguientes partidas: **$150.00** por la preparación del interrogatorio enviado a Óptima; **$300.00** por la contestación de interrogatorio y

---

[8] *Íd.,* Anejo 12, págs. 56-60.

requerimiento de admisiones cursados por el señor Alemany González; y **$300.00** por la preparación de la moción de reconsideración. La suma de lo anterior totalizó las costas y honorarios exigidos a una cantidad de **$3,890.00**.

No obstante, el 12 de febrero de 2025, el TPI ordenó el pago de **$140.00** a favor del peticionario por concepto de costas y declaró *No ha lugar* la solicitud de imposición de honorarios de abogado.[9] En esa misma fecha, emitió una *Sentencia Final Enmendada* y eliminó la expresión contenida en la primera sentencia dictada sobre la no imposición especial de costas.[10]

Por su parte, el 19 de febrero de 2025, la recurrida presentó una *Oposici[ó]n a Reconsideraci[ó]n y a Solicitud de Honorarios y Costas*.[11] Adujo que no había incurrido en temeridad pues no fue sino hasta que se acreditó el pago hecho por ASC que realizó la solicitud de desistimiento. De igual manera, rechazó el planteamiento del señor Alemany González en cuanto a que ASC pagó la totalidad de la reclamación toda vez que aún quedó un balance adeudado de **$2,155.52**, tras acreditarse el segundo pago de **$1,100.16**. En adición, expresó que, no empece a lo anterior, tomó la decisión de desistir del pleito por economía procesal, no incurrir en gastos de litigio adicionales ni ocupar el calendario del tribunal. Asimismo, resaltó que desde el 2020 hasta el 2022 realizó gestiones extrajudiciales para finiquitar la controversia sin recurrir al tribunal.

Por ello, señaló la falta de comunicación del apelante como la razón por la cual instó el pleito. Igualmente, indicó que el señor Alemany González no hizo referencia al segundo pago emitido por ASC en su moción de desestimación y que, de haberse corroborado en esa etapa procesal, hubiera desistido.

---

[9] *Íd.,* Anejo 11, pág. 55. Archivada y notificada en autos el 19 de febrero de 2025.
[10] *Íd.,* Anejo 1, págs. 1-2. Archivada y notificada en autos el 19 de febrero de 2025.
[11] *Íd.,* Anejo 13, págs. 61-69.

Ese mismo día, el peticionario presentó una *Moci[ó]n en R[é]plica a Moci[ó]n en Oposici[ó]n.*[12] En esencia, reafirmó que el desistimiento respondía a un intento de Óptima para evitar que se presentara prueba de la transacción entre ésta y ASC, de modo que la primera pudiera eludir el pago de las costas y la imposición de honorarios. Además, esbozó que la recurrida inducía a error al TPI al indicar que no podía obtener la información sobre los pagos a ASC por no ser parte involucrada en el accidente, pues la información podía ser obtenida a través de *subpoenas.* Así, reiteró su solicitud de imposición de costas, gastos y honorarios de abogado, esta vez por una suma ascendente a **$4,190.00** tras añadir **$300.00** por la presentación de la réplica.

De igual manera, en la misma fecha del 19 de febrero de 2025, presentó una *Moci[ó]n en Solicitud de Reconsideraci[ó]n a Sentencia Enmendada* en la que reafirmó los planteamientos que ya había expuesto.[13]

Así las cosas, el 20 de febrero de 2025, el foro de instancia declaró *No Ha Lugar* a la solicitud de reconsideración presentada. En adición, rechazó el planteamiento esbozado por el señor Alemany González en su moción de réplica.[14]

Inconforme, el peticionario acude ante nos mediante el recurso que nos ocupa y le imputó al foro primario la comisión del siguiente error:

> A. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA TEMERIDAD Y LA SOLICITUD DE HONORARIOS DE ABOGADO.

En vista del error señalado, y con el beneficio de la comparecencia de ambas partes, procedemos a discutir las normas jurídicas aplicables a este recurso.

---

[12] *Íd.,* Anejo 14, págs. 70-72.
[13] *Íd.,* Anejo 2, págs. 3-8.
[14] *Íd.,* Anejo 3, pág. 9. Archivada y notificada en autos el 24 de febrero de 2025.

**-II-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); véase, además, *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403-404, (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020), *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). En consecuencia, este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que este Tribunal posee autoridad para expedir el auto de *certiorari* sobre materia civil. S*cotiabank de Puerto Rico v. ZAF Corporation, et al.,* 202 DPR 478, 488 (2019). Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, prescribe los criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

**-B-**

Las Reglas de Procedimiento Civil permiten a los tribunales imponer el pago de una suma por concepto de honorarios de abogado a una parte que actúa con temeridad durante el proceso judicial. A esos efectos, la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, versa sobre lo concerniente a la concesión de costas y honorarios de abogado. La referida regla dispone lo siguiente:

(a) *Su concesión.* Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. . . . Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari.* . . .

(c) *En etapa apelativa.* La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso ante el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. . . .

Cuando se revoque la sentencia del Tribunal de Primera Instancia la parte a cuyo favor se dicte la sentencia, presentará un memorándum de costas de conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos incurridos tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones y en el Tribunal Supremo.

(d) *Honorarios de abogado.* En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los que esté expresamente exento por ley del pago de honorarios de abogado.

El Tribunal Supremo de Puerto Rico ha definido el concepto temeridad como la actuación terca, obstinada, contumaz y sin fundamentos, de un litigante que obliga a la otra parte innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito que pudo haber sido evitado o que es prolongado innecesariamente. *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010); véase, además, *SLG Flores-Jiménez v. Colberg*, 173 DPR 843, 866 (2008), citando a *Rivera v. Tiendas Pitusa*, 148 DPR 695, 703 (1999).

La penalidad que se impone por conducta temeraria tiene por fin disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte victoriosa los perjuicios económicos y las molestias producto de la temeridad de la otra parte. *Marrero Rosado v. Marrero Rosado, supra.* También se ha indicado que el propósito de la imposición de honorarios por temeridad es penalizar a la parte que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito. *COPR v. SPU*, 181 DPR 299 (2011); véase, además, *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993 (2013).

Es importante destacar que **la determinación de si una parte obró con temeridad descansa en la sana discreción del**

**juzgador**. *COPR v. SPU, supra,* pág. 342; véase, además, *Torres Vélez v. Soto Hernández, supra.*

Cónsono con lo anterior, nuestro Más Alto Foro ha dispuesto que **este Tribunal de Apelaciones solo intervendrá con las determinaciones de temeridad y la imposición de honorarios de abogado hechas por el foro sentenciador de haber mediado un abuso de discreción**. *SLG Flores–Jiménez v. Colberg, supra,* pág. 866.

A la luz de las normas jurídicas antes expuestas, procedemos a resolver.

**-III-**

En el presente caso, el señor Alemany González nos invita a intervenir en el dictamen del foro primario de rechazar la imposición de honorarios de abogado por temeridad a Óptima.

No obstante, como ya vimos, tanto la determinación de temeridad, como la imposición de honorarios de abogado como consecuencia de ella, es un asunto discrecional de los tribunales de primera instancia y los foros apelativos solo podemos intervenir en dichas adjudicaciones ante la existencia de abuso de discreción.

Toda vez que no surge del expediente tal circunstancia, no nos corresponde modificar la determinación del foro *a quo* de no imponerle honorarios de abogado por temeridad a la recurrida. Así las cosas, conforme a los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, resolvemos que debemos abstenernos de ejercer nuestra función revisora. No atisbamos error alguno que amerite nuestra intervención con la determinación recurrida, puesto que el TPI no incurrió en error, prejuicio, parcialidad, un craso abuso de su discreción ni equivocación en la aplicación del derecho al limitarse a conceder las costas y negarse a otorgar la partida de honorarios de abogados solicitados, en ausencia de previa determinación de temeridad.

**-IV-**

Por los fundamentos que anteceden, se deniega el recurso presentado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones