Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| REFRICENTRO, INC., PEDRO ARVESU LÓPEZ, CIRILO HERNÁNDEZ HERNÁNDEZ, LLC, REPRESENTADA POR SU SOCIA ADMINISTRADORA, MARTHA M. PADRÓN HERNÁNDEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>JOSÉ C. HERNÁNDEZ GARCÍA, FRANK PALACIO RODRÍGUEZ, CARLOS M. VENTO TORRES Y OTROS<br><br>Peticionarios | TA2025CE00769 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2022CV02075<br><br>Sobre:<br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

El 14 de noviembre de 2025, José C. Hernández García, Frank Palacio Rodríguez, Carlos Vento Torres, Luis E. Lago Marrero y Refricentro, Inc., (en adelante los peticionarios) sometieron ante nos un *Certiorari.* En este, nos solicitan la revocación de la *Orden Sobre Pagos de Honorarios por Temeridad según Sentencia Parcial*, dictada en el caso de epígrafe con fecha del 14 de octubre de 2025 y notificada el día 15. Allí, el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario) le ordenó a los señores José C. Hernández García, Frank Palacio Rodríguez, Carlos Vento Torres y Luis E. Lago Marrero (individuos peticionarios) a satisfacer los honorarios de abogado por temeridad que le habían sido impuestos mediante *Sentencia Parcial* dictada el 21 de febrero de 2024.

Examinado el legajo apelativo, y en consideración al derecho aplicable que más adelante consignaremos, resolvemos **denegar** expedir el auto de *certiorari* solicitado.

**-I-**

Los hechos más importantes y relevantes a la disposición del recurso, según el expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC) son los que a continuación resumimos:

El 22 de febrero de 2024, el TPI dictó *Sentencia Parcial* en el caso de epígrafe. Mediante la misma, atendió la *Moción sobre Consignación y Solicitud de Desestimación de Reconvención*, presentada por Oriental Bank (Oriental), así como la oposición que los peticionarios solicitaron frente a esta.[1] En lo pertinente, en el mencionado dictamen el tribunal resolvió que el mecanismo de *interpleader* sometido por Oriental fue adecuado para proteger sus derechos y aceptó la consignación de los fondos en la cuenta de Refricentro, Inc. depositados en la institución bancaria. A su vez, y tras así resolver, el foro primario decretó lo siguiente:

> Finalmente, dada la claridad de las adjudicaciones judiciales utilizadas por los Reconvinientes para lograr un resultado distinto a lo allí expuesto, este Tribunal concluye que los Reconvinientes procedieron con temeridad al presentar la Reconvención en este caso y al mantener una posición que claramente no compagina con el dictamen de este Tribunal, con la decisión del foro apelativo, ni con el trámite del litigio. De las alegaciones en los escritos presentados, los Reconvinientes intentaron inducir a error a Oriental Bank para obtener el desembolso de cuentas bajo una autoridad que se encuentra claramente en controversia ante los tribunales y pendiente de adjudicación. Además, presentaron una reconvención sin fundamento y, con sus actuaciones litigiosas, encarecieron innecesariamente el costo litigioso, en directa contravención al derecho de las partes a un proceso justo, rápido y económico.
>
> El propósito de la temeridad es sancionar, precisamente, la conducta de los Reconvinientes, quienes "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos" han obligado a Oriental a, innecesariamente, "asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999). Por tal razón, este Tribunal les impone a los Reconvinientes el pago de la suma de $10,000.00 a favor de Oriental por la temeridad desplegada.

---

[1] Véase SUMAC (TPI) Entrada Núm. 422.

La aludida sentencia fue objeto de recurso de apelación. El 14 de noviembre de 2024, este Tribunal de Apelaciones dictó *Sentencia* en el caso KLAN202400436 en la que confirmó el dictamen apelado. Así las cosas, el 6 de agosto de 2025, Oriental presentó una *Moción en Solicitud de Orden de Ejecución de Sentencia.*[2] Allí, hizo alusión a la sentencia parcial dictada, a la determinación de temeridad en esta decretada y a la imposición de $10,000.00 por concepto de costas y honorarios de abogados contra los peticionarios y a su favor. De igual forma, y ante el impago de esta cantidad, solicitó autorización para ejecutar la *Sentencia Parcial* dictada, sobre la cual reclamó intereses acumulados.

El 15 de agosto de 2025, el TPI ordenó a los individuos peticionarios a acreditar en diez (10) días el pago de los honorarios por temeridad o mostrar causa por la cual no procede su pago con intereses al tipo legal desde la notificación de la *Sentencia Parcial*.[3] En cumplimiento, el 29 de agosto de 2025, estos sometieron escrito en el que expusieron que el pago de honorarios por temeridad ordenado era improcedente pues desde la presentación de la *Demanda* sometida en el caso SJ2022CV06221 en las arcas del tribunal está depositado un dinero propiedad de Refricentro, Inc. que cubría dicha suma. Ante el hecho señalado, solicitaron que el tribunal le ordenara a la unidad de pagos del tribunal emitir el pago por temeridad de estos fondos.[4]

Tras varios escritos relacionados a este asunto, el 14 de octubre de 2025, el foro primario emitió el dictamen recurrido. Allí, señaló que los fondos consignados por Oriental Bank con el fin de que, una vez se adjudicara la controversia sobre la legítima Junta de Directores de Refricentro, Inc., se le hiciera entrega de esta. Asimismo, determinó que la adjudicación de honorarios de abogado por temeridad fue contra los

---

[2] *Id.*, Entrada Núm. 555.
[3] *Id.*, Entrada Núm. 556.
[4] *Id.*, Entrada Núm. 559.

individuos peticionarios y que es contra éstos que se impuso el pago de los honorarios, ordenándole a estos satisfacerlos.[5] Descontentos, acudieron ante nos mediante el recurso de epígrafe y presentan el siguiente señalamiento de error:

> ERRÓ EL TPI AL EMITIR LA ORDEN DEL 14 DE OCTUBRE DE 2025 EXCEDIENDOSE EN SUS ATRIBUCIONES AL RECONFIGURAR EL REMEDIO FIJADO EN LA SENTENCIA PARCIAL —QUE ES FINAL Y FIRME— Y AL ALTERAR EL SUJETO OBLIGADO DE LA SANCIÓN IMPUESTA. ESA ACTUACIÓN CONSTITUYE UN ACTO NULO POR HABERSE DICTADO SIN JURISDICCIÓN EN CONTRAVENCIÓN A LA REGLA 49.2(D), Y VULNERA LA INMUTABILIDAD DE LAS SENTENCIAS PREVISTAS EN LA REGLA 42.3. POR CONSIGUIENTE, LA ORDEN DEBE DEJARSE SIN EFECTO.

Atendido el recurso, el 18 de noviembre de 2025, le ordenamos a los recurridos a presentar su posición dentro del plazo reglamentario aplicable. En cumplimiento, el 24 de noviembre de 2025, Oriental sometió *Moción en Torno a Certiorari*. Con el beneficio de su postura, damos por sometido el asunto y procedemos a resolver.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la

---

[5] *Id*., Entrada Núm. 564.

potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al., supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[6]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

---

[6] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

**-III-**

Mediante la discusión brindada por los peticionarios en apoyo a su único señalamiento de error, estos argumentan que la decisión recurrida debe ser declarada nula, pues es contraria a la doctrina de cosa juzgada. Así, señalan que en la *Sentencia Parcial* dictada el 22 de febrero de 2022, el TPI le impuso honorarios de abogados no solo a los individuos peticionarios´, sino que la temeridad fue impuesta también a Refricentro Inc. Es por esto por lo que reclaman que el foro primario estaba impedido de reconfigurar la determinación de temeridad original dirigiéndola solo a ellos. En consecuencia, nos piden que revoquemos la decisión recurrida y le ordenemos a la Unidad de Cuentas del TPI a utilizar los fondos que fueron consignados por Oriental para saldarle a esta los honorarios por temeridad concedidos a su favor.

Luego de una evaluación pormenorizada del expediente, particularmente de la decisión recurrida, determinamos denegar la expedición del auto de *certiorari* solicitado por la peticionaria. Los argumentos de los peticionarios no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con el dictamen recurrido. A nuestro juicio, no se satisfacen los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*. Contrario a lo que exponen, la decisión recurrida no es contraria a derecho. Por lo tanto, no intervendremos.

**-IV-**

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones