ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RUTH E. REYES RIVERA<br><br>APELANTE<br><br>V.<br><br>LUIS ROBERTO VÁZQUEZ SANTOS Y OTROS<br><br>APELADA | KLAN202500263 | Apelación procedente del Tribunal de Primera Instancia, Sala de Superior de Caguas<br><br>Caso Número: CD2019CV00313<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Cruz Hiraldo y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 14 de octubre de 2025.

La Sra. Ruth E. Reyes Rivera (apelante o señora Reyes Rivera) mediante un recurso en *Apelación* presentado el 31 de marzo de 2025 nos solicita que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) el 3 de febrero de 2025. Mediante el referido dictamen, foro primario denegó el acceso al predio de la residencia de la apelante y declaró Ha Lugar la Reconvención de Luis Roberto Vázquez Santos (señor Vázquez Santos o apelado). Así como, le impuso el pago de las costas, los gastos y los honorarios de abogado.

Por los fundamentos que proceden a continuación, confirmamos la *Sentencia* apelada.

**I.**

El 30 de agosto de 2019 la parte apelante presentó una *Demanda* de daños contractuales en contra del señor Vázquez

---

[1] Conforme la OATA-2025-069 del 7 de mayo de 2025, mediante la cual se asignó a la Juez Glorianne M. Lotti Rodríguez en sustitución del Hon. Abelardo Bermúdez Torres.

Santos y Damián Cartagena (señor Cartagena).[2] Allí, alegó que el apelado le vendió una propiedad haciéndole creer que el pozo séptico de la vivienda situaba dentro del terreno adquirido. Asimismo, adujo que esta situación impedía que la propiedad pudiera ser refinanciada o vendida, privando a la señora Reyes Rivera del disfrute de esta. Además, esta solicitó, entre otras cosas, que se le ordenara al apelado eliminar el tubo y pagar el valor justo por los daños ocasionados. Finalmente, la apelante suplicó que se le ordenara al señor Vázquez Santos otorgar escritura de agrupación de los terrenos donde ubica el pozo séptico y que se le impusiera la cantidad de $25,000.00 como compensación. Esto, por la interrupción, privación del uso y disfrute pleno de su propiedad; así como una cuantía por concepto de costas, gastos y honorarios de abogado. Ahora bien, en cuanto a la controversia del pozo séptico, en el transcurso del pleito las partes llegaron a un acuerdo.

Por su parte, el 3 de octubre de 2019, el señor Vázquez Santos presentó la *Contestación a la Demanda* y *Reconvención*.[3] Allí, niega las alegaciones de la demanda y solicitó que se desestime sin perjuicio. En cambio, el señor Cartagena no presentó alegación responsiva por lo que el 21 de noviembre de 2019 le fue anotada la rebeldía.[4]

Así las cosas, el 11 de junio de 2020, la parte apelante presentó una petición de *Demanda Enmendada* a los fines de solicitar que se constituya una servidumbre de paso en cuanto a la entrada de su residencia o que dicho predio sea destinado al uso público.[5] En respuesta, el señor Vázquez Santos presentó la *Contestación a la Demanda* y *Reconvención*.[6] Al respecto, la parte

---

[2] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[3] Entrada #5 del SUMAC TPI.
[4] Entrada #8 del SUMAC TPI.
[5] Entrada #14 del SUMAC TPI.
[6] Entrada #19 del SUMAC TPI.

apelada alegó que no se le ha permitido desde el mes de abril de 2020 el disfrutar de su finca porque le ha impedido el paso a la misma bloqueando su entra con piedras y automóviles. Indicó que esta situación le ha causado graves daños emocionales valorados en $50,000.00 dólares.

Posteriormente, el 13 de enero de 2021, el foro primario dictó una orden provisional para que la señora Reyes Rivera se abstuviera de impedir y/u obstruir el acceso del señor Vázquez Santos a través del camino objeto en controversia.[7] Como resultado de una solicitud de arrendamiento presentada por la parte apelada el 25 de enero 2022, el foro primario realizó una vista ocular. En virtud de esa vista, el 13 de junio de 2023, el TPI emitió una *Resolución* en la que declaró Con Lugar la solicitud del apelado en cuanto a utilizar camiones, maquinaria y equipo en su terreno para prepararlo antes de rentarlo.[8]

Luego de varios trámites procesales, el 8 de enero de 2025 se celebró el Juicio en su Fondo. Ahora bien, dado que, la apelante y el señor Vázquez Santos llegaron a un acuerdo en cuanto al pozo séptico, solo faltaba disponer de la controversia en cuanto a la entrada de la propiedad y la Reconvención. En el juicio, luego de que la señora Reyes Rivera presentara su prueba, en corte abierta, el señor Vázquez Santos solicitó la desestimación del pleito en su contra conforme a la Regla 39.2 (C) de Procedimiento Civil, 32 LPRA Ap. V. Esta fue declarada Ha Lugar por el foro primario. Siendo ello así, se procedió a ventilar la causa de daños presentada por el señor Vázquez Santos en su Reconvención.

Finalmente, el 31 de enero de 2025, notificada el 3 de febrero de 2025, el TPI emitió su *Sentencia.*[9] Allí, el referido foro sostuvo que

---

[7] Entrada #77 del SUMAC TPI.
[8] Entrada #130 del SUMAC TPI.
[9] Entrada #173 del SUMAC TPI.

quedó demostrado que la controversia no versa sobre el incumplimiento de un contrato, ya que la señora Reyes Rivera recibió la cantidad de terreno establecida en la Escritura Número 74 y que, a su vez, es cónsona con el plano de mesura. Asimismo, adujo que del mismo plano se desprende que la finca de la apelante no está enclavada y que esta cuenta con acceso directo al camino municipal. Así como, tampoco evidenció que crear un nuevo acceso sería muy oneroso para esta.

En cambio, el foro primario razonó que sí quedó probado que el acceso en controversia como el Remanente tres (3) son propiedad exclusiva del señor Vázquez Santos; y que no existe una servidumbre de paso establecida a favor del predio perteneciente a la apelante. Por tanto, el TPI desestimó la demanda en contra el señor Vázquez Santos al no existir una reclamación que justifique la concesión de un remedio, a tenor con la Regla 39.2(c) de Procedimiento Civil, *supra*.

En cuanto a la Reconvención, el foro primario indicó que quedó probado que la señora Reyes Rivera con sus actuaciones provocó que, por espacio de 16 meses y 19 días, el apelado dejara de generar ingresos por la suma de $33,266.73. Razonó que, de esta no haber entorpecido el paso del apelado, este hubiese podido rentar su terreno para el negocio de "Glamping". Por tanto, el referido foro declaró "Ha Lugar" la Reconvención a favor del señor Vázquez Santos y dictó Sentencia por la cantidad de $33,266.73 en concepto de daños. Asimismo, condenó a la señora Reyes Rivera al pago de $3,000.00 en concepto de costas, gastos y honorarios de abogado por temeridad. En relación con el codemandado señor Cartagena, dictó sentencia de desistimiento.

Finalmente, el TPI en el referido dictamen realizó las siguientes determinaciones de hechos:

1. La parte demandante fue a inspeccionar (junto a su madre) la propiedad ubicada en el Barrio Rabanal, Carretera 173, Km. 9.0 en Cidra, Puerto Rico. Esta pertenecía a Vázquez Santos.

2. Reyes Rivera estuvo interesada en adquirir la propiedad, por lo que, el 16 de abril de 2012 suscribió un contra de opción de compraventa con Vázquez Santos. El 25 de octubre de 2012 la parte demandante y Vázquez Santos firmaron la Escritura de Compraventa Número 74, por la suma de $75,000.00, la cual incluí una cabida de 501.489 metros cuadrados.

3. De la Escritura Número 74, surge, que el terreno de Reyes Rivera colinda por el Norte con el Remanente 3 de Vázquez Santos; por el Sur con otra propiedad de Vázquez Santos; por el Este con el solar Remanente 3 de Vázquez Santos; y por el Oeste con la carretera municipal y con camino dedicado a uso público B.

4. De la referida escritura no surge constituía una servidumbre de paso.

5. Tanto del plano marcado como Exhibit 1 como de la Escritura Número 74, se desprende que la propiedad de Reyes Rivera tiene acceso a la vía pública por el Oeste, por lo que no se encuentra enclavada.

6. No se evidenció (sic) que fuese oneroso para Reyes Rivera crear un acceso directo desde su propiedad a la vía pública.

7. Reyes Rivera conocía que el terreno adquirido no tenía una marquesina.

8. El acceso actual que utiliza Reyes Rivera para entrar a su residencia pertenece a Vázquez Santos y forma parte del Remanente 3.

9. Tanto de la Escritura Número 74 como del plano surge que, a Reyes Rivera se le entregó la totalidad de la cabida que indica el referido documento público.

10. No existe controversia sobre la cuantía en las cabidas de las propiedades de Reyes Rivera y Vázquez Santos.

11. La parte demandante desistió de su reclamación en relación con el codemandado Cartagena.

12. La parte a demandante, por si, o a través de su familiares y allegados sin justificación alguna y de manera negligente, obstruyeron en múltiples ocasiones el acceso al Remanente 3 (propiedad de Vázquez Santos), lo que le impedía al codemandado lograr llegar a su otro terreno. Así, impidiendo que este disfrutara libremente de sus propiedades. Las acciones disruptivas de los familiares y allegados de Reyes Rivera eran de conocimiento de esta.

13. Al no tener acceso al Remanente 3, Vázquez Santos se vio impedido de generar ingresos en su otro terreno que colinda con el mencionado remanente y que no tiene otra entra entrada que no fuese por dicho remanente.

14. El 25 de enero de 2022, Juan O. Fernández le cursó una carta a Vázquez Santos indicándole que estaba interesado en alquilar la propiedad que colinda con el Remanente 3 para desarrollar un negocio de Glamping.

15. De la mencionada misiva se desprende que el alquiler mensual por el terreno sería de $2,000.00.

16. Vázquez Santos fue privado de generar ingresos por el alquiler del referido terreno desde el 25 de enero de 2022 hasta el 13 de febrero de 2023, fecha en el que Tribunal notificó la Resolución del 7 de junio de 2023, autorizándolo a preparar el terreno para proseguir con el arrendamiento. El tiempo privado de generar ingresos fue 16 meses y 19 días, equivalente a $33,266.73.

El 18 de febrero de 2025, la parte apelante presentó una *Moción Solicitando Reconsideración*, la cual fue denegada.[10]

Inconforme con el proceder del foro primario, el 31 de marzo de 2025, la señora Reyes Rivera acudió ante este Tribunal mediante recurso de *Apelación* y señala los siguientes errores:

**Primer Error: Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la demanda negando el acceso a la parte demandante a su residencia por los predios del demandado entendiendo que no existía remedio que conceder. Conforme a la Regla 39.2 (c) de las de Procedimiento Civil.**

**Segundo Error: Erró el Honorable Tribunal de Primera Instancia al Imponer la cantidad de $33,266.73 en concepto de daños y la imposición del pago de $3,000.00 en concepto de costas, gastos y honorarios de abogados por temeridad. En abuso de la discreción judicial.**

De otro lado, el 24 de marzo de 2025, el señor Vázquez Santos presentó su *Oposición a la Apelación*. En síntesis, este sostiene que los testimonios, documentos y fotos admitidas, evidenciaron la actitud negligente de la apelante. Asimismo, aduce que quedó demostrado que la obstrucción de acceso ocasionado por la apelante le ocasionó daños al no poder pactar un contrato de arrendamiento en su propiedad.

## II.

### A. Deferencia judicial

Es doctrina reiterada que los jueces de instancia gozan de amplia discreción y flexibilidad en el manejo cotidiano y la

---

[10] Entrada #174 y 175 del SUMAC TPI.

tramitación de los asuntos que se ventilan ante sus salas. *BPPR v. SLG Gómez-López*, 213 DPR 314, 333-334 (2023) ; *In re Collazo I*, 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA*, 142 DPR 117, 141 (1996). La deferencia a su criterio responde al principio de que los tribunales apelativos no deben sustituir ni dirigir la conducción del trámite ordinario de los casos que corresponden al foro primario. *BPPR v. SLG Gómez-López, supra* (citando a *Mejías Montalvo v. Carrasquillo Martínez*, 185 DPR 288, 306-307 (2012)). Como es sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para adoptar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. Íd

En consecuencia, la norma general dispone que los foros apelativos no intervendrán en la discreción de los foros primarios, salvo que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez-López, supra,* pág. 334; *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 273 (2021). El uso adecuado de esa discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *BPPR v. SLG Gómez-López, supra,* pág. 335; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013); *Rivera Durán v. Banco Popular,* 152 DPR 140, 155 (2000).

No obstante, la deferencia cede cuando se acredita que el tribunal incurrió en un abuso de discreción, actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. SLG Gómez-López, supra,* págs. 334-335. Por lo tanto, si en la solicitud ante nuestra consideración no concurren tales criterios y la actuación del foro primario cuenta con un fundamento razonable y no afecta derechos sustanciales de las partes, debe prevalecer el criterio del juez de

instancia, quien es, a fin de cuentas, el llamado a dirigir el proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### B. Moción *Non-Suit*

La Regla 39.2 (c) de Procedimiento Civil, *supra,* regula lo relativo a la presentación de una moción de desestimación por falta de prueba suficiente o *non suit.* 32 LPRA Ap. V. En particular, la citada regla dispone lo siguiente:

> (c) **Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada,** sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", **podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno.** El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos. Íd. (Énfasis nuestro).

Presentada una moción al amparo de la Regla 39.2 (c) de Procedimiento Civil, *supra,* el tribunal está autorizado, luego de que la parte demandante presente la prueba, a aquilatarla y a formular su apreciación de los hechos, según la credibilidad que le merezca la evidencia. *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 916 (2011). No obstante, esa facultad se debe ejercitar después de un escrutinio sereno y cuidadoso de la prueba. *Romero Arroyo y otros v. ELA*, 139 DPR 576, 579 (1995); *Roselló Cruz v. García*, 116 DPR 511, 520 (1985). En caso de duda, se debe requerir al demandado que presente su caso. *Roselló Cruz v. García, supra*, pág. 520. En ese momento, le corresponde al tribunal decidir si la prueba de la parte demandante es suficiente para sustentar su causa de acción. *Rivera Figueroa v. The Fuller Brush Co.*, *supra,* pág. 917.

Si bien la apreciación de la prueba realizada por el foro sentenciador merece deferencia por parte de los foros apelativos, la severidad que implica la desestimación de una causa de acción exige

que los tribunales actúen con especial cautela al atender una moción al amparo de la Regla 39.2(c) de Procedimiento Civil, *supra*, pues esta conlleva la terminación de la reclamación del demandante y de su día en corte. Íd., pág. 916.

### C. Daños

El ordenamiento jurídico vigente a los hechos del caso es el Código Civil de 1930 (derogado) 31 LPRA ant. sec. 1 *et seq.* El Artículo 1802 del Código Civil de 1930, en su parte pertinente, dispone que "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado." 31 LPRA sec. 5141. Es norma reiterada que sólo procede la reparación de un daño cuando se demuestren los siguientes elementos indispensables: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109, 1125 (2024); *Sucn. Mena Pamias et al. v. Jiménez et al.,* 212 DPR 758, 768 (2023); *Nieves Díaz v. González Massas,* 178 DPR 820, 843 (2010).

Nuestro más alto foro local ha definido la culpa o negligencia como la falta del debido cuidado, que consiste en no anticipar ni prever las consecuencias racionales de un acto, o la omisión de un acto, que una persona prudente y razonable habría previsto en las mismas circunstancias. *Mena Pamias et al. v. Jiménez et al., supra,* pág. 768; *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976-977 (2021). Ahora bien, el nexo causal no se refiere a toda causa o condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce, según la experiencia general. *Mena Pamias et al. v. Jiménez et al., supra,* pág. 768.

La norma amplia y general del Art. 1802 del Código Civil, *supra,* le otorga al juzgador vasto margen para dar contenido concreto al momento de dictar sentencia. *López v. Porrata Doria,* 169

DPR 135, 152 (2006). Para alcanzar dicha finalidad, este está llamado a interpretar la norma a partir de los hechos a los que se enfrenta. Íd.

### D. Costas

En nuestro ordenamiento jurídico, la concesión de costas está regulada por la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V. En específico, la referida regla dispone lo siguiente:

> *(a) Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra. 32 LPRA Ap. V, R.44.1.

La parte que reclame el pago de costas debe presentar un memorándum de todos los gastos y desembolsos necesarios, incurridos durante la tramitación del pleito dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia. Regla 44.1(b) de Procedimiento Civil, *supra.* La resolución que emita el TPI podrá ser revisada por el Tribunal de Apelaciones.

Ahora bien, el Tribunal *a quo* tendrá que determinar la parte prevaleciente y cuáles de los gastos fueron necesarios y razonables. *Class Fernández v. Metro Health Care*, 214 DPR 348, 362 (2024). Esto, ya que no todos los gastos del litigio son recobrables como costas, sólo son recobrables aquellos necesarios y razonables para la tramitación del pleito. Íd. En este sentido, el Tribunal Supremo de Puerto Rico ha determinado que los siguientes gastos son recobrables: "sellos de radicación de las alegaciones, sellos cancelados en las mociones, gastos de emplazamiento, sellos cancelados para efectuar embargos, transcripción de evidencia, deposiciones, entre otros". Íd.

### E. Honorarios de Abogado

De igual forma, la Regla 44.1 de Procedimiento Civil, *supra,* regula la concesión de costas y la imposición de honorarios de abogado. *Class Fernández v. Metro Health Care, supra; Ortiz Valle v. Panadería Ricomini,* 210 DPR 831, 841 (2022); *ELA v. El Ojo de Agua Development,* 205 DPR 502, 505 (2020).

En lo pertinente a los honorarios de abogado, la regla dispone que en caso de que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma en concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta. *P.R. Oil v Dayco,* 164 DPR 486, 510 (2005). La referida regla no define lo que constituye conducta temeraria, no obstante, nuestro Tribunal Supremo ha expresado que la temeridad "es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia". Íd., págs. 510-511 (citando a *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001); *Oliveras, Inc. v. Universal Ins. Co.,* 141 DPR 900, 935 (1996)). Por ende, constituye conducta temeraria el que una parte haga necesario un pleito que pudo evitarse o interponga pleitos frívolos y así obligue a la otra parte a incurrir en gastos innecesarios". Íd., pág. 511.

Aunque en la sentencia haya ausencia de una conclusión expresa de que una parte fue temeraria, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada. Es decir, al imponerle honorarios de abogado a una parte, el foro primario realizó una determinación de temeridad. *Rivera v. Tiendas Pitusa, Inc.,* 148 DPR 695, 702 (1999); *Montañez Cruz v. Metropolitan Cons. Corp.* 87 DPR 38, 40 (1962).

Una vez el tribunal sentenciador determina que una parte ha sido temeraria, es obligatorio la imposición de honorarios de abogado. Dado que, dicha determinación descansa en la discreción del foro primario, solo le corresponde a los tribunales revisores intervenir cuando surja de la actuación un claro abuso de discreción. Íd., *Jarra Corp. v. Axxis Corp.*, *supra.*

### III.

El apelante alega que erró el TPI al declarar No Ha Lugar de la demanda de la apelante por entender que no tenía derecho a la concesión de remedio alguno, conforme la Regla 39.2 (c) de las de Procedimiento Civil, *supra.* A su vez, aduce que incidió el referido foro al imponer la cantidad de $33,266.73 en concepto de daños y la imposición del pago de $3,000.00 en concepto de costas, gastos y honorarios de abogados por temeridad.

Surge del expediente que, la señora Reyes Rivera presentó una *Demanda Enmendada* en la que solicitó únicamente que se reconociera el acceso a la entrada a su residencia o en la alternativa que ese predio de terreno se constituyera como una servidumbre de paso.[11] En cuanto a esto último, la misma apelante acepta que este caso no se trata de una servidumbre de paso, ya que no estamos ante una finca enclavada.[12] Esta, tampoco evidenció que crear un nuevo acceso sería muy oneroso para esta. Igualmente, la reclamación no se basó en vicios del consentimiento, ya que si la venta hubiese sido dolosa lo que procedía era la resolución del contrato, lo cual tampoco es lo que busca la apelante en su reclamación.[13] Así, como no se incluyó en su demanda una reclamación de incumplimiento de contrato.

---

[11] Entrada #14 del SUMAC TPI.
[12] Transcripción de la Prueba Oral (TPO) del Juicio en su Fondo del 8 de enero de 2025, págs. 143-44.
[13] TPO, págs. 147-48.

Más bien, lo que la apelante argumenta es que el señor Vázquez Santos en el momento de la compraventa le expresó que la entrada en controversia era de ella, pese a que dicho negocio jurídico no lo establecía. Por tanto, en su escrito, esta indicó que lo que procede es la doctrina de actos propios y buena fe. Esto, ya que según alega, el señor Vázquez Santos creó la apariencia de que ese sería la entrada a su residencia y que mediando de mala fe la privó de lo que le pertenencia. No puede estar más lejos de nuestra realidad jurídica. De manera que, no podemos extrapolar la referida doctrina de actos propios cuando en reiteradas ocasiones el señor Vázquez Santos reclamó lo que legalmente le pertenecía. Por tanto, la señora Reyes Rivera no puede sostenerse que con la mera apariencia que le hizo creer el apelado sobre la entrada, tiene como consecuencia que esta la siga utilizando.

Así pues, resolvemos que no incidió el foro primario a desestimar mediante la Regla 39(c) de Procedimiento Civil, *supra,* ya que la apelada no tiene derecho a la concesión de remedio alguno. Ta como razonó el TPI, las alegaciones de la demanda, la prueba documental y el testimonio vertido en juicio no demostraron que la señora Reyes Rivera tuviese derecho hacer uso de la entrada del apelado. Recordemos, que la demanda de la apelante reclama únicamente que se le permita usar la entrada que le pertenece al apelado y no daños.

En cuanto a la Reconvención del apelado, lamentablemente, la señora Reyes Rivera estipuló la carta que auguraba un contrato de arrendamiento.[14] Por lo que, en juicio esta se vio imposibilitada de cuestionar la validez de la referida carta y la cantidad propuesta allí. En su escrito, esta nos indica que el apelado no presentó evidencia de desarrollo o construcción en el lugar, y que solo se

---

[14] Entrada #159 del SUMAC TPI.

habló de la posibilidad de contratar siendo este un planteamiento altamente especulativo. No obstante, somos de la opinión que no era necesario que el apelado presentara dicha prueba, ya que hubiese sido infructuoso que este comenzara algún tipo de obra, dada la situación animosa entre ambos sobre la entrada.

Conforme a ello, del testimonio del apelado y el documento admitido en evidencia, el foro primario le dio entera credibilidad. Dicho foro, es quien estuvo en mejor posición para evaluar los testimonios, y su apreciación de la prueba no resulta ser irrazonable ni desprovista de fundamento racional. Es sabido, que este Tribunal no intervendrá en la discreción de los foros primarios, salvo que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción, actúa con prejuicio o parcialidad. *BPPR v. SLG Gómez-López, supra*, pág. 334. De lo anterior, resolvemos que el TPI no cometió dichos actos.

Además, entendemos que la cantidad de $33,266.73 en concepto de daños, es una cantidad razonable y no excesiva. Esto, ya que el TPI utilizó la suma de los $ 2,000.00 que iba a generar el señor Vázquez Santos si rentaba el espacio que le fue privado por 16 meses y 19 días. El cómputo se sostuvo en la fecha que se le presentó al apelado una solicitud de arrendamiento el 25 de enero 2022, hasta que el TPI emitió una *Resolución* el 13 de junio de 2023, que le permitía a este utilizar camiones, maquinaria y equipo en su terreno para prepararlo antes de rentarlo. Por tal razón, resolvemos que el TPI no incidió al declarar Ha Lugar la Reconvención presentada por el apelado.

Finalmente, el TPI condenó a la apelante al pago de $3,000.00 en concepto de costas, gastos y honorarios de abogado. En cuanto a este último, nuestro más alto foro local ha resuelto que un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal primario consideró temeraria a

la parte así condenada. *Rivera v. Tiendas Pitusa, Inc.*, *supra,* pág. 702; *Montañez Cruz v. Metropolitan Cons. Corp.*, *supra,* pág. 40. Nuestra intervención como foro revisor procede cuando surja de la actuación un claro abuso de discreción. En este caso, resolvemos que el TPI no abusó de discreción al imponer honorarios de abogado.

**IV.**

Por los fundamentos expuestos, confirmamos la *Sentencia* apelada.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones